**In re Beth PATTERSON, Debtor.**

**Beth Patterson, Plaintiff,**

v.

**Educational Credit Management, Corp., Defendant.**

**Bankruptcy No. 99–13485.
Adversary No. 99–1229.**

United States Bankruptcy Court, N.D. California.

June 28, 2000.

Lynn Anderson Koller, Law Offices of Lynn Anderson Koller, Tucson, AZ, for debtor.

Charles E. Sims, Sonoma, CA, trustee.

### Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

This adversary proceeding concerns the dischargeability of about $75,000.00 in student loans pursuant to § 523(a)(8) of the Bankruptcy Code. The court has no problems concerning the facts, which are simple and clear. Application of the law is more problematical.

Debtor Beth Patterson is a 38–year–old single woman with no dependants. Despite a master's degree in psychology, she has been unable, in the last eight years, to earn a substantial income. She has never earned a substantial income. The absolute most she is able to earn is about $30,000.00 per year, and she has yet to reach this potential. Her current income is about $24,000.00 per year, as a mental health counselor. She sometimes supplements her income by house cleaning.

The evidence does not in the least support the arguments of defendant Educational Credit Management Corp.[1] that Patterson is able to earn substantially more or that her expenses are in any way extravagant. Despite a very modest lifestyle, Patterson is "just scraping by." There is no realistic expectation that her circumstances will change in the foreseeable future. Even if she is able to earn $30,000.00 per year, which is her realistic maximum, she would be unable to put a dent in her student loan obligations. Except for a brief period when she was married, Patterson has been unable to make any payments at all. Moreover, the court does not believe that she could make more even if she decided to change careers.

---

1. ECMC is the current holder of the notes. Its motion to be substituted in as the defendant is granted.

■ Section 523(a)(8) provides that student loans are not dischargeable unless excepting them from discharge would impose an undue hardship on the debtor. The only issue before the court is whether there is undue hardship in this case. The court will do its best to properly apply the law, but will not hide its concern that the applicable test created by case law is not what Congress intended.

■ Courts have established a three-pronged test for determining if there is undue hardship: first, that the debtor cannot maintain, based on current income and expenses, a minimal standard of living if forced to repay the loans; second, that additional circumstances exist suggesting that the debtor's financial condition is likely to continue for at least a significant portion of the repayment period; and third, that the debtor has made a good faith effort to repay the loan. *In re Pena*, 155 F.3d 1108, 1111 (9th Cir.1998).

Under the above test, there is clearly undue hardship in this case. Patterson cannot possibly pay the student loans. Her circumstances make the situation likely to continue for the foreseeable future. She has made a good faith effort by making payment when she could. According to Pena, the student loans should be discharged; that will be the judgment of the court.

However, the court is disturbed by the fact that it will discharge student loans when it finds no real hardship at all beyond inability to pay now and in the foreseeable future.[2] It seems to the court that if this is what Congress had in mind, it would have simply stated it that way. Mere inability to pay, without more, seems to the court to be "garden variety" hardship. See *In re Nascimento*, 241 B.R. 440, 445 (9th Cir. BAP 1999).

If the court were not bound by precedent, it would hold that there is a threshold requirement for that the debtor demonstrate some sort of medical problem, family difficulty, or other underlying special circumstance which places the debtor in a more difficult position than most other people. Once this is established, the student loans would be discharged if the debtor is unable to pay them now or in the foreseeable future. The court would not allow the loans to be discharged without an underlying hardship not endured by anyone who owes more than he can afford to pay.

Under this court's test, the student loans in Pena would have been discharged. The debtor there suffered from mental disability so severe as to require hospitalization. This is the sort of undue hardship the court believes Congress intended as a prerequisite to discharge of student loans. However, the court in Pena adopted a test which does not require the showing of such a hardship, just inability to pay.

Since the court is not free to remake the law, and since Patterson has clearly demonstrated that she meets the Pena test, the court will enter a judgment declaring that the student loans at issue are discharged. She shall also recover her costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Patterson shall submit an appropriate form of judgment forthwith.

---

**2.** As a practical matter, the "good faith effort to repay" test is meaningless as well as irrelevant. See *In re Brown*, 227 B.R. 540, 546–47 (Bkrtcy.S.D.Cal.1998).